UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| KAREN PAYNE, As Personal Representative of the Estate of MARSHA PAYNE and LOUIS PAYNE,<br><br>Plaintiffs,<br><br>v.<br><br>BERTHA SIRK DIALYSIS CENTER and DAVITA, INC.<br><br>Defendants. | Civil Action No.<br><br>JFM 07 CV 1783 |

## NOTICE OF REMOVAL

Defendants, BERTHA SIRK DIALYSIS CENTER and DAVITA, INC. (hereinafter referred to as "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby appear and remove to this Court an action pending in the Circuit Court for Baltimore City, Maryland. The grounds for Removal are set forth below.

### Nature of Plaintiffs' Claim

1. On or about May 23, 2007, Plaintiffs, Karen Payne, as Personal Representative of the Estate of Marsha Payne and Louis Payne (hereinafter referred to as "Plaintiffs") filed an action in the Circuit Court for Baltimore City, Maryland styled *Karen Payne, As Personal Representative of the Estate of Marsha Payne v. Bertha Sirk Dialysis Center and DaVita, Inc.;* Case Number 24-C-07-003693. Defendants received a copy of the Complaint and Summons by FedEx delivery at Bertha Sirk Dialysis Center on Saturday, June 9, 2007. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons and related court filings are attached hereto as Exhibit A.

2. The Complaint alleges that at all times relevant, Defendant DaVita, Inc. owned and operated the Bertha Sirk Dialysis Center, 5820 York Road, Baltimore, Maryland 21212, where the incident which is the subject of this lawsuit occurred. (Complaint ¶¶ 6, 8-10.) Plaintiffs further allege that "[a]t all times mentioned and relevant herein, all of the individuals at DaVita and/or Bertha Sirk Dialysis Center who participated in the care provided to Ms. Payne were acting on behalf of DaVita and/or Bertha Sirk Dialysis Center and within their scope of employment and or agency with DaVita and/or Bertha Sirk Dialysis Center. (Complaint ¶ 7.)

3. Plaintiffs allege that Defendants were negligent in providing treatment to Ms. Payne and proximately caused her injuries and death. (Complaint ¶¶ 11, 18 & 20.)

## Procedural Posture

4. This Notice of Removal of this case to the United States District Court is filed by the Removing Defendant within thirty (30) days after receipt of the Complaint, and is therefore timely.[1] *See* 28 U.S.C. § 1446(b).

## Parties

5. Plaintiffs are citizens of the State of Maryland. (*See* Complaint ¶¶ 1 & 2.)

6. Defendant Bertha Sirk Dialysis Center is a fictitious name for a dialysis clinic owned by Total Renal Care, Inc., a foreign corporation incorporated under the laws of the State of California with its principal place of business at 601 Hawaii Avenue, El Segundo, California 90245. Total Renal Care, Inc. was not at the time of commencement of said action or at anytime thereafter a resident of the state of Maryland. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, Total Renal Care, Inc. is considered a resident of California and not a resident of Maryland.

---

[1] Defendants reserve the right to challenge service of process.

7. Defendant DaVita, Inc. is a foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business at 601 Hawaii Avenue, El Segundo, California 90245. Defendant DaVita, Inc. was not at the time of commencement of said action or at anytime thereafter a resident of the state of Maryland. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), for diversity purposes, DaVita, Inc. is considered a resident of Delaware and California and not a resident of Maryland.

## Jurisdiction

8. This action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a), (b) and (c).

9. This case is removable pursuant to 28 U.S.C. § 1441 because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
>
> (1) citizens of different States....

10. Plaintiffs are citizens of the State of Maryland and Defendants are residents of the state of Delaware and California. Therefore, complete diversity exists between Plaintiffs and Defendants.

11. Plaintiffs claim that as a result of Defendants' conduct, Ms. Payne suffered severe injuries and death. (*See* Complaint ¶ 15.) Plaintiff Karen Payne, as Personal Representative of the Estate of Marsha Payne, seeks compensatory damages for the costs of Ms. Payne's medical care and treatment and pain and suffering. (*See* Complaint, Count I.) Plaintiff Louise Payne claims that she is entitled to damages for loss of consortium and pain and suffering. (*See* Complaint, Count II.)

12. Plaintiffs claim over $100,000 in actual damages. (*See* Civil-Non-Domestic Case Information Report.)

13. On the basis of the foregoing, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

14. Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a), this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000.00 and because this action is between citizens of different states.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court for Baltimore City, Maryland, and served along with written notice on Plaintiffs and their counsel of record. A copy of the Notice to the Clerk of Filing Notice of Removal is attached hereto as Exhibit B.

16. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions--including without limitation the defenses of lack of personal jurisdiction, improper venue, improper process and improper service of process, are hereby reserved to Defendants.

WHEREFORE, Defendants, BERTHA SIRK DIALYSIS CENTER and DAVITA, INC., hereby remove the above-referenced action, which is now pending in the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland, Northern Division.

DATED this 9th day of July, 2007.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

_____
Barry D. Trebach, Bar No. 05936
William H. White Jr., Bar No. 13969
1233 20th Street, NW
8th Floor
Washington, DC 20036
(202) 712-7000 (phone)
(202) 712-7100 (fax)

*COUNSEL FOR DEFENDANTS*
*BERTHA SIRK DIALYSIS CENTER AND DAVITA, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2007, a copy of the foregoing Notice of Removal, was sent via first class mail, postage prepaid to counsel for Plaintiffs identified below:

Joseph E. Dever, Esq.
Dever & Feldstein, LLC
305 Washington Avenue
Suite 200
Towson, Maryland 21204

_____
William H. White Jr., Bar No. 13969

5